GRANDI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1920.)

No. 3278.

1. CRIMINAL LAW ⬤⟹1186(4)—TECHNICAL OBJECTION TO INDICTMENT CHARGE DOES NOT JUSTIFY REVERSAL.

Although a count of an indictment alleging that defendant, knowing the same to have been stolen, received goods from an interstate shipment, etc., under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), did not specifically allege that the goods were stolen, defendant could not have been misled in his defense, and the defect is a technical one, which should be disregarded on appeal, under Comp. St. § 1691, and Judicial Code, § 269, as amended by Act Feb. 26, 1919.

2. CRIMINAL LAW ⬤⟹753(2)—MOTION FOR DIRECTED VERDICT WAIVED BY FAILURE TO RENEW AT CLOSE OF CASE.

Where defendant's motion for directed verdict, made at close of government's case, was overruled, it was waived, where not renewed at the close of the whole case.

3. RECEIVING STOLEN GOODS ⬤⟹3—RECEIVER OF STOLEN GOODS ASSUMES PERIL OF SAME HAVING BEEN STOLEN FROM AN INTERSTATE SHIPMENT.

Where defendant knew the goods had been stolen, he received them at peril of their having been stolen while in the course of an interstate shipment, in which case he would be liable under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604).

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

A. Grandi was convicted of knowingly receiving goods stolen from an interstate shipment in violation of Act Feb. 13, 1913, and he brings error. Affirmed.

Chas. M. Bryan, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

KNAPPEN, Circuit Judge. Plaintiff in error was convicted under the Act of Feb. 13, 1913 (37 Stat. c. 50, p. 670 [Comp. St. §§ 8603, 8604]). The indictment contained three counts. The first charged the breaking of the seal of a certain railroad freight car containing an interstate shipment; the second, the stealing of goods from that car; and the third, the receipt and possession of goods knowing that they had been stolen from the car in question, and knowing that they were part of an interstate shipment contained in that car, which was alleged to be under transportation in interstate commerce—the places from which and to which the shipment was being made and the names of the consignor and consignee being stated. The conviction was on the third count alone.

[1] A motion to quash the third count, as not charging that the goods were in fact so stolen, was denied. There is an absence of such specific allegation. But while the count was thus technically subject to criticism, yet, in view of the frame of the indictment taken

as a whole, plaintiff in error could not well have been misled to his prejudice. The count fairly informed the accused of the charge against him, and sufficiently so to enable him to prepare his defense and to protect him against further prosecution therefor. Daniels v. United States (C. C. A. 6) 196 Fed. 459, 465, 116 C. C. A. 233; Bettman v. United States (C. C. A. 6) 224 Fed. 819, 826, 140 C. C. A. 265. The charge that defendant knew the goods to have been stolen naturally implies that the goods had been in fact stolen. The verdict should not be reversed on account of a defect so obviously technical and unsubstantial. U. S. Comp. Stat. 1916, § 1691; Judicial Code, § 269, as amended February 26, 1919 (40 Stat. 1181, c. 48) ; West v. United States (C. C. A. 6) 258 Fed. 413, 415, —— C. C. A. ——.

[2, 3] A motion to direct verdict, made at the close of the government's testimony, was overruled. If we were to treat the right to complain as saved (the motion was not renewed at the close of all the testimony, and so was waived), it would not have availed plaintiff in error, for the motion was plainly without merit. There was abundant evidence to sustain a finding that the goods were in fact stolen from the interstate shipment, and that defendant had guilty knowledge thereof. Indeed, if he knew the goods were stolen, he received them at the peril of their proving to have been stolen while in the course of interstate shipment, even if he did not know they were stolen from a shipment of that kind. Kasle v. United States (C. C. A. 6) 233 Fed. 878, 882, 147 C. C. A. 552.

We see nothing in the objection that defendant and one Woods were jointly charged with receiving and having possession of the goods, without setting out in what way the joint receipt was accomplished. Such joint participation was entirely possible, and it was unnecessary to state the details relating thereto.

We see no error in the fact that plaintiff in error was tried in the absence of his codefendant.

The judgment is affirmed.