**DEGNAN v. UNITED STATES.**

(Circuit Court of Appeals, Second Circuit. February 2, 1921.)

No. 40.

1. **Criminal law ⊂⟹1159(2)—Weight of evidence cannot be reviewed.**
   On writ of error in a criminal cause, or in an action at common law, it is beyond the power of the appellate court of the United States to review the weight of the evidence.

2. **Criminal law ⊂⟹1129(1)—Unassigned error reviewed only to prevent plain injustice.**
   The power of the court to notice plain error not assigned in criminal cases is not to be exercised as a matter of right, but is used only to prevent plain injustice.

3. **Criminal law ⊂⟹508(3), 1137(5)—Defense by blaming others not subject to objections as accomplice testimony.**
   In a prosecution for receiving goods stolen from a railway car, where each of the three defendants took the stand and attempted to show the guilt of the others, no defendant can complain that the aggregate of their efforts benefited only the prosecutor, and their testimony was not open to the objection usually made to that of accomplices.

4. **Criminal law ⊂⟹370, 371(2)—Receipt of other stolen goods admissible to show intent and knowledge.**
   In a prosecution for receiving goods shipped in interstate commerce which had been stolen from a railway car, evidence that accused had been concerned in handling for profit other shoes proved to have been also stolen from cars at the same place and about the same time was competent for the purpose of showing intent and guilty knowledge.

---

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Receiving stolen goods ☞3, 8(4)—Guilty knowledge an element and may be proved by circumstantial evidence.**

The essence of the crime of receiving goods shipped in interstate commerce which had been stolen from a railway car is guilty knowledge that they were so stolen, and such knowledge by accused must be shown by competent, though perhaps by circumstantial, evidence.

**6. Criminal law ☞822(1)—Charge construed as a whole.**

The charge of the court in a criminal prosecution is to be taken as a whole, especially in the absence of any exception to such parts of it as might be construed as bearing too hardly on defendant.

**7. Criminal law ☞823(9)—Charge knowledge that goods were stolen was presumed from possession held cured by other statements.**

In a prosecution for receiving goods shipped in interstate commerce which had been stolen from a railway car, a statement in the charge that possession of the stolen property recently after the theft justified the inference of guilty possession, which might, in the absence of explanation, authorize an inference of criminal connection with its acquisition, to which no exception was taken, does not require reversal, where the court elsewhere explicitly charged that the mere possession was not enough to establish guilty knowledge.

In Error to the District Court of the United States for the Western District of New York.

Richard Degnan was convicted of receiving property shipped in interstate commerce which had been stolen from a railway car, and he brings error. Affirmed.

Degnan and two others were jointly indicted, in that knowingly, etc., they did "buy, receive, conceal, and have in their possession" certain cases of shoes shipped in interstate commerce from Missouri to Ross & Co., of Rochester, N. Y., which shoes had been stolen from a railway car at Suspension Bridge, N. Y. The three defendants were tried together, and all convicted. Degnan alone took this writ.

Bart J. Shanahan, of Buffalo, N. Y. (S. Wallace Dempsey, of Niagara Falls, N. Y., of counsel), for plaintiff in error.

Stephen T. Lockwood, U. S. Atty., of Buffalo, N. Y. (John T. Walsh, Sp. Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The record contains almost no exceptions, and no objection whatever was made to any portion of the charge of the court.

[1] By assignments of error we are asked to review the weight of evidence—something so plainly beyond the power of an appellate court of the United States in a criminal cause, or in an action at common law, that citation has long been superfluous.

[2, 3] While we have often exercised the power to notice plain error not assigned in criminal matters, the exercise of that power is not a matter of right and is to be used only to prevent plain injustice. Gruher v. United States, 255 Fed. 478, 166 C. C. A. 550. In the case at bar the evidence was ample, and if (as was the fact) each defendant took the witness stand and devoted himself largely to de-

fending by showing the guilt of one or more of his codefendants—no defendant can complain that the aggregate of effort benefited no one but the prosecutor. Such testimony is not open to the objections usually made to that of accomplices; none of it was offered by the government and none of it was vitally necessary to conviction.

[4] We shall notice but two points: It is asserted to be error that when the indictment charged possession of Wolf's shoes only, evidence was received showing that plaintiff in error was concerned in handling for profit other shoes which were proven to have been also stolen from cars at Suspension Bridge and at about the same time as the Wolf consignment. For the purpose of showing intent and guilty knowledge this was proper, as has been definitely held in this court. Sapir v. United States, 174 Fed. 219, 98 C. C. A. 227.

It is also asserted as error that the trial judge, in charging the jury, applied to this case of having in possession stolen articles the same rule as would have been applicable if the charge had been larceny, viz. that possession of stolen property or other fruits of crime recently after its commission justifies the inference that the possession is guilty possession, and this (though only prima facie evidence of guilt) may in the absence of explanation authorize an inference of criminal connection with its acquisition. Wilson v. United States, 162 U. S. 619, 16 Sup. Ct. 895, 40 L. Ed. 1090; People v. Weldon, 111 N. Y. 576, 19 N. E. 279.

[5] It is true that the essence of the crime whereof this plaintiff in error was charged is guilty knowledge, and that such knowledge must be brought home to the accused by competent, though perhaps circumstantial, evidence. We think the law on this subject was fully and correctly stated in Kasle v. United States, 233 Fed. 878, and especially pages 888–890, 147 C. C. A. 552.

[6, 7] It is also true that the court below in discussing the law called attention to the rule as it has been repeatedly stated (ut supra) in larceny prosecutions. But the charge is to be taken as a whole, especially in the absence of any exception to such parts of it as might have been regarded as bearing too hardly on the defendants; and the court explicitly charged that—

"The mere possession or custody of the shoes in question in either of the defendants, or in their joint possession and custody, is not enough to establish that they knew the shoes were actually stolen. There must be some evidence, [some] facts and circumstances, tending to show guilty knowledge beyond the mere possession; and if you conclude that the defendants merely had possession of the property and that they received it in the ordinary source of business, even though it was alleged to have been stolen, it would not be sufficient to convict them of this crime."

This was all that any defendant could expect.

Finding no error in the record, the judgment is affirmed.