## BALMAN v. UNITED STATES.
### No. 10921.

Circuit Court of Appeals, Eighth Circuit.
Jan. 19, 1938.

Neil Hughes, of Minneapolis, Minn. (Jacob Garon, of Minneapolis, Minn., on the brief) for appellant.

William J. Quinn, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

The defendant was convicted under the provisions of section 409, 18 U.S.C.A., for having in his possession certain furs which had been stolen while a part of an interstate shipment of freight, in transit and moving in interstate commerce, with knowledge that the same had been stolen.

For reasons hereinafter stated we find it unnecessary to enter upon a detailed recital of the evidence. The furs were stolen November 15, 1935. Defendant's testimony is that he came into possession of them the last of May, or first of June, 1936. The indictment charges the possession date as June 22, 1936. The goods were contained in a trunk which had been placed in a bedroom of defendant's house, and defendant claims it was left with him for safekeeping during a temporary absence of the alleged owner.

The specifications relied upon may be reduced to four in number. (1) Unlawful search and seizure; (2) insufficiency of the evidence; (3) denial of a requested instruction; (4) errors in the charge of the court. We shall consider these specifications in the order named.

■ 1. The testimony is that both state and government officials were investigating this larceny, a criminal offense under both state and federal laws. Police officers acting upon information received by them entered defendant's premises, without being armed with a search warrant, and there found and seized the trunk containing the stolen property. No federal officer was present at the time. Federal agents had no knowledge of the whereabouts of the furs, gave no information to the police officers respecting them, and did not instigate nor participate in the search, which was conducted solely upon the initiative of the state officials. In such case evidence seized without search warrant by state officers, not acting in the federal government's behalf, is admissible in a federal prosecution, and this even though the defendant and the property seized be turned over to the federal authorities. Rettich v. United States, 1 Cir., 84 F.2d 118; Sloane v. United States, 10 Cir., 47 F.2d 889. The rule announced in Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Miller v. United States, 3 Cir., 50 F.2d 505, and United States v. Falloco, D.C., 277 F. 75, 82, upon which counsel for defendant rely, has no application to the situation here presented. In the Falloco Case the writer of this opinion said: "Merely because the jurisdictions are concurrent and that the subject-matter of the offense is identical, that, in fact, the two enforcement jurisdictions overlap, and that one jurisdiction may, if it sees fit, turn an offender over to the other for prosecution, all this is insufficient, standing by itself, to charge the officers and courts of the United States with excess of authority, if that be found to exist, on the part of state officers. The evidence thus secured, if pertinent, may be used." See, also, Crank v. United States, 8 Cir., 61 F.2d 981, and compare Adams v. New York, 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575. This point is resolved against appellant.

■ 2. The evidence in our opinion amply supports the verdict and judgment rendered and, since for reasons hereinafter stated the case must be remanded for a new trial, will not receive further consideration here.

■ 3. At the conclusion of the charge the appellant requested an instruction to the effect that the mere possession of stolen property raises no presumption of guilt by itself. The request was refused and error is assigned. In the sense of a presumption of law this statement is correct, but the scope is too broad in that it omits the presumption of fact which is present where the possession is recent. We think there was no error in refusing the request as drawn and offered.

4. We come now to the first of the errors assigned to the charge of the court. This portion of the charge which is challenged is the following: "It is seldom possible to prove knowledge by direct evidence. We cannot look into a person's mind and ascertain what existed there at a given time. Generally it is necessary to show knowledge by acts and conduct. Therefore, in determining the question of knowledge you should take into consideration, not only the

direct evidence bearing thereon, but all the facts relating to the defendant's connection with the transaction so far as they may be disclosed by the testimony; the fact that the trunk was found in the private residence of the defendant; that the pelts were in a trunk in the attic at a hot season of the year; that the trunk was locked, and the testimony relating to whether or not that trunk was covered; also the testimony of the defendant in explanation of why the trunk containing the pelts was found in his home; the period of time that expired from the date the furs were alleged to have been stolen, to the date they were found in the defendant's home; whether the defendant reported promptly at the request of the Police Department."

■ Appellant contends that the evidence does not support the matters thus detailed by the court for the consideration of the jury in determining the question of knowledge on the part of appellant. An examination of the record convinces that this criticism is without substantial merit.

The second and final assignment of error to the court's charge is of greater seriousness. The portion challenged is the following: "Knowledge of the defendant that the pelts were stolen may be proved by circumstantial evidence; that is, by the facts and circumstances surrounding the transaction involving the pelts from which inference of guilty knowledge necessarily would follow. Proof that the defendant was in possession of property recently stolen raises a presumption of guilty knowledge in the absence of an explanation, and it is for you to determine whether the defendant's explanation given by him in this case is sufficient to overcome the presumption; that is, it is for you to determine whether you believe the defendant's explanation of the trunk containing the furs being in his residence."

In McAdams v. United States, 8 Cir., 74 F.2d 37, 41, Judge Sanborn, speaking for this court said: "While the jury were entitled to know that the possession of these recently stolen cars by the defendant, if unexplained, would justify a finding that the defendant knew that they were stolen, they were also entitled to know that the force and effect of that circumstance as bearing upon the guilt of the defendant was for them to determine in the light of all the other facts and circumstances shown by the evidence."

He then quotes approvingly from Kasle v. United States, 6 Cir., 233 F. 878, 889, 890, in which an instruction substantially similar to that given in this case was disapproved, as follows: "It might be that the circumstances shown to have attended the possession of property involved in a given case, not to say the case in hand, would, if unexplained by defendant, naturally lead the jury to believe that he received the property with knowledge that it had been stolen; but to impute such knowledge as matter of law, is a different proposition. The effect of this, as it seems to us, was to impose the burden upon defendant to prove his innocence, in case the jury should find the goods had in fact been stolen."

■ The vice that has been held to inhere in instructions of this nature is that such possession unexplained by the defendant creates a presumption of law, thereby shifting the burden of proof and imposing upon the defendant the duty "to establish his innocence to obtain an acquittal." Ezzard v. United States, 8 Cir., 7 F.2d 808, 811. As applied to the case under consideration, Judge Sanborn, in McAdams v. United States, supra, states the rule thus: "The fact that the defendant had come into the possession of these cars shortly after they were stolen was a circumstance to be considered by the jury in connection with all of the other circumstances of the case in determining the question of his guilt or innocence. It was to be given its natural probative value and nothing more. It created at no time any presumption of law that the defendant knew that the cars were stolen, and, although it might have justified the inference, it compelled no finding to that effect, even though he failed to give a satisfactory explanation."

The Supreme Court in Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 898, 40 L.Ed. 1090, states the probative effect of such possession in this language: "Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence."

■ It is evident that the omission of essential qualification in that portion of the instructions challenged was inadvertent. The charge in its entirety was otherwise exceptionally clear and appropriate.

Nevertheless, we feel it to be important that no precedent should be indulged which may possibly lead to laxity of statement in a matter so important in criminal proceedings; and, for this reason, the judgment should be reversed and the case remanded for a new trial. It is so ordered.