## UNITED STATES v. MURA.

No. 71, Docket 22126.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1951.

Decided Oct. 23, 1951.

Herbert Zelenko and Richard C. Machcinski, New York City, attorneys and counsel for Jack Mura, defendant-appellant.

Myles J. Lane, U. S. Atty., New York City, for the United States, plaintiff-appellee; Stanley D. Robinson, David S. Carton and Robert Martin, Asst. U. S. Attys., New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

PER CURIAM.

Count one of the indictment charged Mura and Kramer with transporting a Mercury coupe from the City of New York to Jersey City, New Jersey, knowing it to have been stolen. Count two charged Mura and Kramer with transporting an Oldsmobile from the City of New York to Jersey City, New Jersey, knowing it to have been stolen. The fifth count charged Mura, Kramer, Pollack and Teutschenbach with conspiring to transport motor vehicles knowing them to have been stolen from New York City to Jersey City with the purpose of selling and disposing of them, and alleged various overt acts performed by them or some of them in the course of the conspiracy.

Pollack testified that he received from Mura and Kramer in New Jersey the cars mentioned in the first two counts and that he paid them therefor. Kramer testified without however identifying the particular cars mentioned in counts one and two that he drove one or two cars from New York to Jersey City in company with Mura, claiming, however, that those particular cars were not stolen. There was also testimony that Mura, Kramer, Pollack and Teutschenbach had previously met in New York City and agreed to sell and deliver stolen cars in New Jersey. Under

the circumstances there would seem to be no doubt, in view of the ample proof that the cars covered by the indictment had actually been stolen from the true owners, that the convictions were supported by the evidence. Kramer, Teutschenbach and Pollack all pleaded guilty. Mura, while denying that he had transported or that he had conspired to transport stolen cars, denials which the jury did not credit, claimed that he did not have a fair trial because the court charged: "The automobiles that the Government believes have been identified all crossed the border between New York and New Jersey * * *" Such a charge Mura says was equivalent to directing a verdict of guilty against him. But the judge nowhere told the jury that Mura transported the cars, or caused them to be transported or conspired with the others to that effect. The evidence was entirely conclusive that cars stolen in New York crossed the border between New York and New Jersey, and that was what the judge referred to in his charge. The question of Mura's guilt under any of the counts decided against him was left to the jury under a perfectly impartial charge.

 Appellant's contention that the judge was unfair in commenting on the lack of credibility of Kramer's testimony is without merit. He had a perfect right to do this under settled rules and indeed could hardly have prejudiced the jury when his comments were in the midst of a warning that any incriminating testimony of an accomplice should be received with careful scrutiny.

■ The court allowed the jury to refer to alleged forged bills of sale not as substantive proof but as bearing on the recollection of Pollack who had testified as to the identity of cars alleged to have been stolen. The further claims that the judge improperly interrupted the appellant's attorney and showed approval of some of the conduct of the counsel for the Government and that he did not sufficiently charge the jury as to the statutes involved are equally without merit. The issues seem to us to have been clearly presented without reading the text of the statutes and the verdict to have been fully warranted. Accordingly the judgment is

Affirmed.