**John Raymond MALONE and Everett Roy Smith, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 12792.**

United States Court of Appeals Sixth Circuit.

Dec. 10, 1956.

James H. Van Matre, Cincinnati, Ohio, for appellants.

Loren E. Van Brocklin, U. S. Atty., Cleveland, Ohio, Sumner Canary, U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

Defendants Malone and Smith, together with one other codefendant, were convicted of bank robbery in violation of Title 18 U.S.C. § 2113(a, d).[1] Counsel appointed by this court to represent defendants in their appeal has given diligent and intelligent consideration to the case. However, with one exception, the points raised are questions of fact which we deem it unnecessary to discuss. No reversible error is shown. Defendants were represented in the District

1. The parties will be denominated as in the court below.

Court by counsel of their own choice, the identification was by eyewitnesses, was direct and positive, and the trial was fair.

██ Counsel for defendants urges that, within the doctrine of Schwachter v. United States, 237 F.2d 640, 644, decided by this court on November 2, 1956, the District Court committed reversible error in summarizing the facts of the case to the jury. The Schwachter case held under the general rule that "the trial judge in a criminal case can not weigh the evidence or judge the credibility of the witnesses and take from the jury a controverted question of material fact, no matter how strongly he may be of the opinion that the evidence has established the fact beyond a reasonable doubt."

In the instant case the court charged the jury:

"* * * there isn't any question here as counsel has argued all around, there was here a robbery. Your ultimate question is going to be whether or not the Government of the United States has here proved a case against these four men. But there isn't any question here but what the elements of this offense as I defined have been met. * * *

"Now, we come to the other element. 'Whoever in committing such an act puts in jeopardy the life of any person by the use of dangerous weapons or device'—there isn't any question but in the use of weapons pointed at people that the lives of the people in the bank were put in jeopardy. So the elements of the offense were present and I so charge you."

Counsel contends that in so charging the court took from the jury the questions whether certain essential elements of the offense of aggravated bank robbery were shown to exist and that this was reversible error.

We think that this contention is not supported by the Schwachter decision, supra. In the instant case it was not disputed that armed robbers took from the bank employees some $16,000.00. In the Schwachter case, supra, a strongly controverted issue was whether the car was moving in interstate commerce at the time of the sale. The District Court took the issue from the jury, and this was held to require reversal. However, the Schwachter case pointed out that, when a fact is not made an issue by defendant and it is shown without controversy by the evidence, the trial judge does not commit reversible error in stating that fact to the jury. Wellman v. United States, 6 Cir., 297 F. 925, 932; United States v. Jonikas, 7 Cir., 197 F.2d 675, 679; United States v. Mura, 2 Cir., 191 F.2d 886. This is the principle controlling here.

The judgment of the District Court is affirmed.