**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Helen MACK, Defendant-Appellant.**
**No. 12081.**

United States Court of Appeals
Seventh Circuit.

Nov. 25, 1957.

---

Royal E. Spurlark, Jr., Spurlark, Washington, Peterson & Walsh, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Donald M. Lonchar, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal from an order of the District Court summarily denying a motion of the defendant-appellant Helen Mack to set aside the judgment of conviction and for leave to withdraw her plea of guilty to Counts 1, 2 and 3 of a twelve count indictment charging her and her husband, Nolan Mack, with violation of the narcotic laws.

On June 8, 1955, the defendants were before the court in person and by their counsel, Joseph E. Clayton, Jr. Reading of the indictment was waived by counsel for the defendants and a plea of not guilty was entered.

On September 26, 1956, the defendants were again before the court in person and by their counsel, Richard E. Gorman. Counsel for the defendants informed the court that Mr. Clayton had recently passed away and he had been employed two days before. The Court granted a continuance and reassigned the cause for trial on November 20, 1956. Thereafter several continuances were granted and on April 22, 1957, the cause came on for trial. Both defendants in person and Richard E. Gorman, their counsel, were present in court. Counsel for the defendants asked leave to withdraw the plea of not guilty on behalf of the defendant Nolan Mack and to enter a plea of guilty in Case No. 55–CR–274 and Case No. 55–CR–402, and then made the following statement to the Court:

"On behalf of the defendant Helen Mack in Case No. 55–CR–274, I am withdrawing the plea of not guilty heretofore entered to the first three Counts, Counts 1, 2 and 3, involving the sale of narcotics, and asking that there be substituted in lieu thereof a plea of guilty.

"I have also acquainted the Defendant with the consequences of her plea, and I am asking that a pre-sentence investigation be ordered in that matter."

The Court, on motion of the Government then dismissed defendant Helen Mack from Counts 4 through 12 of the indictment in Case No. 55–CR–274 and from all counts in the indictment in Case No. 55–CR–402. A pre-sentence report was ordered and the cause was continued to May 24th for final disposition. On May 24, 1957, the Court sentenced the defendant-appellant Helen Mack to two years on each of Counts 1, 2 and 3, the sentences to run concurrently.

On May 29, 1957, the defendant-appellant Helen Mack filed a motion to set aside the judgment of conviction and for leave to withdraw her plea of guilty with her affidavit in support thereof wherein she alleged that all matters in this proceeding were handled exclusively by her husband, Nolan Mack; that she was directed by her husband to stand mute and abide by any comment of his attorney; that she did not understand the factual content of the charges as disclosing that she was guilty of any act, deed or other conduct contrary to any law as she was present with her husband solely as a wife attendant upon wifely companionship at the alleged occurrences, and that she did not consult with, or receive advice on personal consultation of, any lawyer who gave consideration in her behalf, or urged in her behalf the benefits of coverture as a proper defense.

On June 3, 1957, the District Court without a hearing summarily denied the motion and this appeal followed.

█ It is well settled that a motion to set aside a judgment of conviction and withdraw a plea of guilty is, under Rule 32(d) of the Rules of Criminal Procedure, 18 U.S.C.A., addressed to the sound exercise of the discretion of the District Court. The burden rests upon the defendant to prove the necessity therefor to correct manifest injustice after sentence. The ruling is subject to review on appeal solely as to whether there has been an abuse of discretion.

█ Rule 11 of the Rules of Criminal Procedure, 18 U.S.C.A., provides that the trial court shall not accept a plea of guilty without first determining that the plea is made voluntarily and with understanding of the nature of the charges. The record in this case is completely devoid of any showing that the defendant-appellant Helen Mack entered a plea of guilty voluntarily and with understanding of the nature of the charges. Counsel simply announced to the District Court that on her behalf he was withdrawing her plea of not guilty to Counts 1, 2 and 3 and asking that there be substituted in lieu thereof a plea of guilty and that he had acquainted her with the consequences of her plea. The very absolute minimum required to comply with the mandate of Rule 11 imposed upon the District Court the necessity of ascertaining if that was her desire; if she was pleading guilty voluntarily, and if she understood the nature of the charges to which she was entering a plea of guilty.

The decision of this court in United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875, does not hold to the contrary as contended by the Government. There the District Court ascertained from the defendant himself that his counsel's request to withdraw defendant's plea of not guilty and enter a plea of guilty was with defendant's approval and in accordance with his desire.

In this case the District Court failed entirely to comply with the requirements of Rule 11 and the defendant-appellant Helen Mack is entitled to be heard on her motion to vacate the judgment of conviction and for leave to withdraw her plea of guilty. It is for the District Court to determine from the evidence introduced whether the motion should be granted in order to correct manifest injustice. It was error for the District Court, under the circumstances, to summarily deny the motion without a hearing thereon.

The order of the District Court denying the motion of the defendant-appellant Helen Mack to set aside the judgment of conviction and for leave to withdraw her plea of guilty is reversed and this cause remanded to the District Court with instructions to hear said motion and make determination from the evidence submitted.