**Arthur Eugene BYRD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18896.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1964.

Decided Jan. 14, 1965.

Mr. P. Gordon Stafford (appointed by this court), Washington, D. C., for appellant.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

J. SKELLY WRIGHT, Circuit Judge:

█ On this appeal from a robbery conviction, appellant urges trial court error in failing to instruct the jury that prior inconsistent statements of a defense witness could be considered only for impeachment purposes. The statements had been made by the witness during grand jury proceedings and introduced in this trial by the Government to impeach his inconsistent testimony given on direct examination. The Government urges that we adopt a rule, apparently followed in some jurisdictions,[1] which would permit the substantive use of prior inconsistent statements, if not in all circumstances, at least in the circumstances of this case.

In Bartley v. United States, 115 U.S. App.D.C. 316, 319 F.2d 717 (1963), we held that prior statements, introduced under a plea of surprise, could not be considered substantive evidence in the case.[2] We see no reason for a different rule here. Nor do we see any reason at the present time to re-examine our holding in *Bartley*. We hold that the court erred in failing to limit the prior statement to impeachment purposes. We need not decide whether this error, standing alone, would require reversal in this case,[3] for the record contains another error which does require remand for a new trial.

█ The charge to the jury contains neither a recitation nor a discussion of the elements of the offense for which the defendant was on trial. The only guidance given to the jury as to the nature of the offense, and the burden upon the Government to prove every essential element thereof, consisted of a reading of the robbery statute.[4] This was not sufficient. The statute does not even set forth all the essential elements of the offense. As this court pointed out in Neufield v. United States, 73 App.D.C. 174, 189, 118 F.2d 375, 390 (1941), Congress, by enacting the robbery statute for the District of Columbia, "meant to make robbery a crime, and by robbery it meant robbery in the usual common law sense of the term * * *." Since there are essential elements of common law robbery not stated in the statute, such as the specific intent to

1. See United States v. DeSisto, 2 Cir., 329 F.2d 929, cert. denied 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964). But see Bridges v. Wixon, 326 U.S. 135, 153–155, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945); United States v. Rainwater, 8 Cir., 283 F.2d 386 (1960); Valentine v. United States, 5 Cir., 272 F.2d 777 (1959); State v. Saporen, 205 Minn. 358, 285 N.W. 898 (1939). See generally, 3 WIGMORE, EVIDENCE § 1018 (3d ed. 1940).

2. This result was, of course, required under 14 D.C.CODE § 102 (Supp. III 1964).

3. No request for a limiting instruction was made by defense counsel. See Rule 30, FED.R.CRIM.P.

4. 22 D.C.CODE § 2901 (1961).

steal,[5] mere reading of the statute was plainly inadequate. It was fundamental error to send the case to the jury without instructions as to the elements of the offense which the Government must prove beyond a reasonable doubt before a verdict of guilty can be returned.

While admitting that the instructions given failed to apprise the jury of the essential elements of the offense, the Government contends that no prejudicial error resulted in this case since defense counsel in his closing arguments "agreed" there was no dispute over the fact that a crime had been committed.[6] The only issue, according to the Government's theory, concerned the identity of the perpetrator.

This argument fails to consider the fundamental nature of the defendant's right to have the question of his guilt determined solely by the jury. By pleading not guilty, the accused puts the Government to the burden of proving every element of the crime beyond a reasonable doubt. Strict procedural safeguards have been erected to insure that this privilege is not lightly waived.[7] In view of these safeguards, it would be anomalous indeed if defense counsel, by taking an argumentative position in his closing statement, could thus informally waive his client's right to have the jury pass on the essential elements of the crime. Compare Clark v. United States, 104 U.S.App.D.C. 27, 259 F.2d 184 (1958).

Finally, the Government contends that there was no reversible error since, on the evidence presented, the trial judge could have taken the uncontested issues from the jury. But the fact is that, in this case, the judge did not take any issues from the jury,[8] and we are not

---

5. Compare Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

6. The claimed "agreement" is inferred from the arguments made by defense counsel. At the beginning of his argument he said:

> "The question in this particular case narrows itself down to one issue. That issue is whether or not Arthur Byrd was in fact the one who perpetrated this crime on Mrs. Brown on this particular date."

And at another point:

> "Now there is no dispute as to the facts that this was a violent crime. The question comes down or narrows down to identification. * * *"

But at still another point:

> "* * * Now, what does the Government have to prove in every criminal case? Not only does the Government have to prove the elements of the crime and the fact that a crime was committed in the District of Columbia, but it has to prove to you ladies and gentlemen beyond all reasonable doubt that the facts are a person whose guilt or innocence you are weighing the evidence on in determining his guilt or innocence, as to whether or not he in fact was the perpetrator of the offense."

7. The right to a jury determination of guilt can be waived by a guilty plea or by waiver of trial by jury. Rule 11, Fed.R.Crim.P., provides that "[t]he court * * * shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." See United States v. Mack, 7 Cir., 249 F.2d 421 (1957); United States v. Lester, 2 Cir., 247 F.2d 496 (1957). A further safeguard against the consequences of an improvident plea of guilty is found in Rule 32(d), Fed.R.Crim.P., allowing withdrawal of the plea. See Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Poole v. United States, 102 U.S.App.D.C. 71, 75, 250 F.2d 396, 400 (1957). Substantial procedures are also employed to assure that a waiver of trial by jury is made intelligently. Rule 23, Fed.R.Crim. P., requires that a waiver of jury trial be in writing and approved by the court. See Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930). Cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

8. We cannot infer from the judge's failure to instruct on the elements of the offense that he determined those issues as a matter of law. Compare Johnson v. People, 145 Colo. 314, 358 P.2d 873 (1961).

942

prepared to say, whatever the evidence, that he could have.[9]

■ We hold, therefore, that the trial judge's omission to instruct the jury on every essential element of the crime was plain error under Rule 52(b), FED.R. CRIM.P. By this omission, appellant's substantial right to have the jury pass on every essential element of the crime was prejudicially affected [10] and a new trial is required.

So ordered.

9. See United Brotherhood of Carpenters & Joiners of America v. United States, 330 U.S. 395, 408–410, 67 S.Ct. 775, 91 L.Ed. 973 (1947); Roe v. United States, 5 Cir., 287 F.2d 435, cert. denied 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961); United States v. Gollin, 3 Cir., 166 F.2d 123, cert. denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151 (1948). Cf. Sparf and Hansen v. United States, 156 U.S. 51, 105, 15 S.Ct. 273, 39 L.Ed. 343 (1895); United States v. Taylor, Cir.Ct., D.Kans., 11 F. 470 (1882) (holding that the judge can never direct a verdict of guilty no matter how conclusive the evidence). But see Malone v. United States, 6 Cir., 238 F.2d 851 (1956) (held not reversible error for the judge to charge the jury that certain facts are undisputed), and see Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185 (1920).

10. The prior holdings in Maynard v. United States, 94 U.S.App.D.C. 347, 215 F.2d 336 (1954), and Graham v. United States, 88 U.S.App.D.C. 129, 187 F.2d 87 (1950), cert. denied 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353 (1951), cited by the Government, do not require a contrary result. In *Maynard,* after the jury had been fully instructed and had deliberated for over an hour, a question was sent from the jury room on whether possession of numbers materials was *prima facie* evidence of lottery operations. The trial judge replied by reading the statute which provided that such possession was *prima facie* evidence. On appeal, this court held that, under those circumstances, the use of the statutory language was unobjectionable. By the form of the question, the jury had indicated that it understood the term *"prima facie"* and needed no further instruction on that term. The *Graham* case held simply that an instruction on the elements of the crime, tailored to the circumstances presented by the evidence, was not erroneous. It did not hold that instruction on an essential element may be omitted.