**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wallace R. BARD, Defendant-Appellant.**

**No. 18833.**

United States Court of Appeals
Sixth Circuit.

March 25, 1969.

Robert L. Segar (court appointed),
Flint, Mich., for appellant.

Robert J. Grace, U. S. Atty., Detroit, Mich., for appellee, Robert E. Hamel, Asst. U. S. Atty., Bay City, Mich., on brief.

Before WEICK, Chief Judge, PHILLIPS and COMBS, Circuit Judges.

PER CURIAM.

Appellant has appealed from his conviction of bank robbery in violation of 18 U.S.C. § 2113(a) (d). At his trial he asserted an alibi for his defense.

Bard's sole grounds of error are that the Court erred in failing to define the elements of the offense and in stating to the jury that the only issue for their determination was the identity of the robber.

Bard's counsel, in his opening statement to the jury, said:

"* * * This is at once a simple and very complex case. It is simple in the sense that certain facts are undisputed. There is no question but that a man entered the First Savings and Loan Association in Saginaw on the 2nd of October, 1967, and that this man took some money from a teller at the window; that he took a woman patron with him and fled. There is no question about this and the evidence will show it. That is the simple part of the case.

"However, the difficult part of the case, and it is a most difficult part of the case, is when you have to decide the major question in this case and that is whether or not Wallace Bard is the person that committed these acts."

In his instructions to the jury the District Court read the indictment and 18 U.S.C. § 2113(a) and (d). He then instructed the jury as follows:

"In this case, ordinarily I would break down the essential elements of the charge made, in this case from the opening statement onward during the offering of proofs and through the arguments, the sole issue presented by the two sides in this case has been the matter of identity of the person who perpetrated the crime charged.

"I charge you that under the evidence, a person who did perpetrate it —that the evidence in this case justifies a finding of guilt of that charge. I repeat, the issue in this case is not whether a bank robbery in fact took place, this is conceded, and the evidence so demonstrates. The question is whether the defendant in this case, Mr. Bard, is the one who perpetrated the crime charged." (Transcript, pp. 194–196).

At the trial Bard was positively identified as the robber by Mildred Coates, the teller, who testified that he pointed a handgun at her when he demanded the money. Marie Garrett, a bank customer taken captive by Bard, identified him and testified that he pointed the gun at her and also at the teller. Lorene Booker, also a bank customer, testified as to the robber's use of a silver pistol and identified Bard from his profile. Reverend Richard C. Meske identified Bard as the robber who commandeered Meske's automobile and forced him at gunpoint to drive Bard away. Another bank customer identified Bard but did not see his gun.

At the close of the evidence, Bard's motion for a directed verdict of not guilty was denied. He also objected to the failure of the Court in his instructions to define the elements of the offense to the jury. He contends that even though he did admit that the robbery had been committed, and that the major question in the case was whether he "committed these acts", he did not admit the use of a dangerous weapon to coerce the teller, and that the Court should have submitted this issue to the jury for determination. He relies on Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); United States v. Harris, 346 F.2d 182 (4th Cir. 1965).

While we think it would have been better practice to define the issues, in our opinion the admission as to the robbery coupled with the uncontroverted evidence that it had in fact been committed by the use of a hand gun, justified the District Court in charging the jury

as it did. Malone v. United States, 238 F.2d 851 (6th Cir. 1956); Schwachter v. United States, 237 F.2d 640 (6th Cir. 1956).

No prejudice resulted to Bard for another reason. He was sentenced to fifteen years' imprisonment, which was less than authorized under 18 U.S.C. § 2113(a) for the offense of simple bank robbery.

Affirmed.