**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herman PRUJANSKY, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James VENTE, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis C. BRUNO, Defendant-Appellant.**

**Nos. 18728–18730.**

United States Court of Appeals
Sixth Circuit.

Sept. 18, 1969.

Anthony Murray, Long Beach, for appellant Prujansky; Ball, Hunt, Hart & Brown, Edmund G. Brown, Long Beach, on brief.

Robert Z. Feldstein, (Court-appointed) Southfield, Mich., for appellant Vente.

Neil H. Fink, Detroit, Mich., for appellant Bruno; Louisell & Barris, Ivan E. Barris, Detroit, Mich., on brief.

Howard E. O'Leary, Asst. U. S. Atty., Detroit, Mich., for appellee; Robert J. Grace, U. S. Atty., Detroit, Mich., on brief.

Before WEICK, Chief Judge, and PECK and McCREE, Circuit Judges.

WEICK, Chief Judge.

These are separate appeals from judgments of conviction on two counts of an indictment charging the defendants with possession of goods with knowledge that they had been stolen while a part of interstate commerce in violation of 18 U.S.C. § 659 and of conspiring to commit the substantive offense in violation of 18 U.S.C. § 371. The appeals were consolidated for argument. All of the appellants were represented by counsel of their own choosing at the trial and in these appeals.

The stolen goods consisted of color television sets and stereos which had been shipped from Zenith Sales Corporation, Chicago, Illinois to Radio Distributing Company, Detroit, Michigan in Trailer No. 4136 which arrived at the depot of Darling Freight Company in Detroit at approximately 6:30 p. m. on October 27, 1966. On the following morning, a yard check of the Darling Freight depot revealed that the trailer and its contents were missing.

In the afternoon of that day, Zenith cartons were being unloaded from a U-Haul truck at the rear of E.I.C. Steel Corporation and at the warehouse of Bruno's Appliance and Furniture Center, Inc., in Detroit. Appellant Bruno was president and sole stockholder of his company. Eighty-nine of the stolen sets were recovered from Bruno's warehouse.

Appellants Bruno and Vente, in their appeals, contend that the District Court erred in failing to instruct the jury that one of the elements of the offenses required to be proved by the Government was that the goods alleged to have been stolen were stolen from the place named in the indictment which was the depot of the Darling Freight Company in Detroit. They rely on United States v. Manuszak, 234 F.2d 421, 423 (3rd Cir. 1956) and United States v. Allegrucci, 258 F.2d 70, 75 (3rd Cir. 1958). *Manuszak* holds that the place of the theft must be stated in the indictment as it is an element of the statutory offense. This Circuit has taken a similar position in Wolkoff v. United States, 84 F.2d 17, 18 (6th Cir. 1936), which is cited in *Manuszak*. But see Grandi v. United States, 262 F. 123 (6th Cir. 1920).

No objection to the Court's omission to include this element in his charge was made by these defendants.

The indictment in the present case did name the place from which the goods were stolen and hence conformed to the holding of *Manuszak* [1] and *Wolkoff*. We do not read *Allegrucci* as holding that

---

1. Later appellate decisions have rejected *Manuszak*. United States v. Wora, 246 F.2d 283, 286 (2d Cir. 1957) which re- lies on our decision in *Grandi*, and Dunson v. United States, 404 F.2d 447, 448–449 (9th Cir. 1968).

the failure to charge on this element was prejudicial error.

The uncontroverted evidence established that the television sets were stolen from the facility named in the indictment. Undoubtedly the District Judge did not charge the jury on this fact because no request was made and he doubtless concluded that it was not in controversy.

We understand the general rule in a criminal case is that the court may not direct a verdict of guilty no matter how strong the evidence and that the Government must prove every essential element of the crime beyond a reasonable doubt. Schwachter v. United States, 237 F.2d 640, 644 (6th Cir. 1956). It is better practice for a trial judge to charge on all elements of the alleged crime unless the parties otherwise stipulate.

Under circumstances similar to the case before us, the Seventh Circuit has recently found no reversible error. In that case, the District Judge failed to charge that the jury must find that the goods had a value in excess of $100.00 as required by the statute. The Court stated:

> "The only reference made by the judge to the statutory provision of value was when he read the indictment. However, the evidence showed that the value of the stolen goods exceeded $37,000. Since the question whether the value was in excess of $100 was not in controversy, the reference to the averment in the indictment was sufficient." United States v. Spatuzza, 331 F.2d 214, 217 (7th Cir. 1964), cert. denied, 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed.2d 38.

In the case before us, the Judge did not read that part of the indictment setting forth the place from which the goods were allegedly stolen. This fact does not, however, preclude us from following Spatuzza. This Court in analogous situations has held:

> "[W]hen a fact is not made an issue by defendant and it is shown without

controversy by the evidence, the trial judge does not commit reversible error in stating that fact to the jury." Malone v. United States, 238 F.2d 851, 852 (6th Cir. 1956); United States v. Bard, 408 F.2d 347 (6th Cir. March 25, 1969), and see also Schwachter v. United States, *supra* at 644 of 237 F.2d.

Had the matter been called to the attention of the judge by an objection, he would have supplied the omission which we regard as not material under the circumstances of this case. As well stated in *Grandi:* "The verdict should not be reversed on account of a defect so obviously technical." Id. at 124 of 262 F. Rule 30 of the Federal Rules of Criminal Procedure requires a party to distinctly state "the matter to which he objects and the ground of his objection" before the jury retires in order to assign as error any portion of the charge or any omission therein. The purpose of the rule is to give to the trial judge an opportunity to correct errors of omission or commission.

Since appellants made no objection to the charge, they must establish that the omission was plain error. Fed. R.Crim.P. 52(b). We are of the opinion that for the reasons we have stated the omission to charge an uncontroverted fact was not plain error.

Bruno further contends that the evidence is insufficient to support a finding by the jury that he knew the television sets had been stolen. Bruno was present at the rear of E.I.C. Steel Corporation's premises where a U-Haul truck containing Zenith cartons had been unloaded. More important, however, is the fact that he was also present and helped unload the cartons at his own warehouse where 89 of the stolen sets were recovered. Bruno had no invoices for the television sets and there was no record thereof in his books. He had previously purchased sets from the distributor, Radio Distributing Company, but could get them only in small

quantities as they were in short supply and in heavy demand by customers. In our judgment, these circumstances were inconsistent with his innocence.

█ We find no abuse of discretion on the part of the District Court in denying Vente's motion for a continuance during the progress of the trial on the claim of alleged illness of his counsel which the Judge found did not exist.

Appellant Prujansky contends that the District Court erroneously instructed the jury that guilty knowledge could be inferred from possession of recently stolen property and therefore violated the Fifth Amendment of the United States Constitution. No objection was made by Prujansky or any of the other defendants to the charge. As we have previously pointed out, he is now limited to a claim of plain error.

The relevant parts of the Court's instruction to the jury are as follows:

"The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession. What is constructive possession? A person not being in actual possession but having the right to exercise dominion and control over a thing is deemed to be in constructive possession.

\* \* \* \* \* \*

The mere presence at the situs of property does not constitute possession; that is, a man innocently at the situs of a property does not mean that he is in possession of it. If he is innocently at the situs—I say innocently—he isn't deemed to be in possession of it. And that is logical to you, members of the jury, I am sure.

"Next you must find that the defendants or the defendant had possession unlawfully. As you can well understand, unlawfully means contrary to law, so that in order to do a thing unlawfully, you must do it wilfully.

And it is done wilfully if it is done voluntarily and intentionally and with the specific intent to do something that the law forbids or is done for a bad purpose, either to disobey the law or disregard it.

"And perhaps it is unnecessary for me to define knowingly. If a person acts voluntarily, not because of a mistake or an accident or for some other innocent reason, he does it knowingly.

"In this case, the defendants and each of them are charged with the possession of these T.V. sets and having known that they were stolen and that they were a part of an interstate commerce shipment. This is one of the elements that you have to consider. The law says that you may infer, but you do not have to, that a defendant in possession of a recently-stolen property without a reasonable explanation for such possession which is consistent with the person's innocence, that he knew the property was stolen.

"And whether the property was recently stolen is a fact for you to determine from all of the facts and circumstances in the case. And this is something also that you must consider beyond a reasonable doubt. Do I make that plain to you? If a person in possession of recently-stolen merchandise has no reasonable explanation for such possession which is consistent with his innocence, you may infer that he knew the property was stolen.

"In considering whether possession of recently-stolen property has been satisfactorily explained, I again say to you, you must bear in mind that the accused need not testify. He still has that cloak of protection that he need not testify in his own behalf. And his failure to testify may not be considered as evidence of his guilt. But, although he is not compelled to testify, is there a reasonable explanation from anything in this case or the circumstances of this case which may destroy

this inference which you are permitted to make?

"I want to say something else to you about this inference. The law also provides that if you infer and you are satisfied beyond a reasonable doubt the person in possession of stolen property knew that it was stolen, you need not find the person knew the property was stolen while in the course of interstate commerce. * * * "

This type of instruction was sanctioned many years ago by the Supreme Court in Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896). *Wilson* was recently followed in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964) [2] where the Court in an opinion delivered by Mr. Justice Clark stated:

"As early as 1896, this Court dealt with such situations. In Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090, Chief Justice Fuller held for a unanimous Court that 'possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless explained by circumstances or accounted for in some way consistent with innocence.' At 619, 16 S.Ct. 895." *Id.* at 536–537, 84 S.Ct. at 830.

We have applied the rule in Schwachter v. United States, *supra*; Pearson v. United States, 192 F.2d 681, 689–690 (6th Cir. 1951); and Brubaker v. United States, 183 F.2d 894 (6th Cir. 1950).

Prujansky contends that the inference may be drawn only where the possessor of the stolen property is the thief, and he was not so charged. He relies upon Kasle v. United States, 233 F. 878, 888–890 (6th Cir. 1916); Degnan v. United States, 271 F. 291, 293 (2d Cir. 1921); and Wolf v. United States, 290 F. 738, 744–745 (2d Cir. 1923).

The inference which the Court permitted the jury to draw was appellant's knowledge of the fact that the property had recently been stolen. It was immaterial who stole the television sets and it is clear to us that one could know that property is stolen without knowing who stole it.

In any event, the Second Circuit has not followed *Degnan* and *Wolf* insofar as they restrict the use of this inference to cases involving the charge of larceny. The cases have recognized the applicability of the inference to show knowledge that the property was stolen. United States v. Sherman, 171 F.2d 619, 624 (2d Cir. 1948), cert. denied sub nom. Grimaldi v. United States, 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed. 1738; United States v. Lefkowitz, 284 F.2d 310, 312–313 (2d Cir. 1960); and United States v. Minieri, 303 F.2d 550, 554 (2d Cir. 1962), cert. denied, 371 U.S. 847, 83 S.Ct. 79, 9 L.Ed. 2d 81. Nor has the rule been limited as appellant desires in other circuits, including this one. Schwachter v. United States, 237 F.2d 640, 643 (6th Cir. 1956); Brubaker v. United States, 183 F.2d 894, 898 (6th Cir. 1950); Torres v. United States, 270 F.2d 252, 258–259 (9th Cir. 1959), cert. denied, 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741; Aron v. United States, 382 F.2d 965, 970–971 (8th Cir. 1967); United States v. Allegrucci, *supra* at 73–74 of 258 F.2d; Glavin v. United States, 396 F.2d 725, 729–730 (9th Cir. 1968), cert. denied, 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262; and Dunson v. United States, 404 F.2d 447, 449 (9th Cir. 1968); United States v. Riso, 405 F.2d 134, 138 (7th Cir. 1968).

As was held in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), there must be a rational connection between the fact proved and the inference to be drawn. We think in common experience such rational connection does exist so as to allow the inference of guilty knowledge where one is in possession of recently stolen property without any satisfactory explanation.

---

2. There were four dissents but on a different issue.

It is important to note that the statutory presumptions involved in Tot v. United States, *supra;* Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed. 2d 57 (1969) ; United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965) ; and United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), differ considerably in content from the inference in the case at bar and for this reason these cases are inapposite for purposes other than setting forth the relevant standard in determining the validity of the instruction.

The rule, as well as its importance in cases of this type, is well stated in Aron v. United States, supra at 970 of 382 F.2d as follows :

"The doctrine that possession of recently stolen property gives a permissible inference of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession, is a factually sound and a necessary evidentiary rule. Without this evidentiary rule in criminal cases it would be almost impossible to consider for conviction any of the possessors or fences of stolen property unless they admitted that they knew the property to be stolen, which is an admission not likely to be forthcoming."

We now consider whether the facts warrant the inference permitted by the charge and whether the charge itself shifted the burden of proof or deprived appellant of his privilege against self-incrimination as contended.

It is clear that the circumstances of the possession should naturally give rise to the inference that the possession is with guilty knowledge. Some of the factors to be considered are set forth by the Court in Aron v. United States, *supra* at 971, as follows :

"In applying the rule respecting possession of recently stolen property the length of possession along with all the other facts and circumstances must be considered, as the type and kind of property, the amount or volume thereof, the ease or difficulty with which it may be assimilated into legitimate trade channels, including the circumstances under which the property is alleged to have been acquired."

We hold that the evidence, as viewed favorably to the Government, was sufficient to allow the jury to infer guilty knowledge from appellant's possession. There was evidence from which the jury could find that Prujansky had joined the venture at its outset; that he had a stake in its ultimate success; that he facilitated defendant Tacina's entry into the venture; that he was at the E.I.C. Steel Corporation while the sets were being unloaded from the U-Haul truck; that he was present in the steel plant at the time that the sale of 89 of the sets was negotiated with appellant Bruno. Clearly this evidence would permit the jury to draw the inference that Prujansky had constructive possession of the T.V. sets and under highly suspicious circumstances.

Although the judge's charge could have been better stated so as to more clearly indicate that the inference of guilty knowledge may arise from the *circumstances* of the possession, Brubaker v. United States, *supra* at 898 of 183 F.2d, appellant suffered no prejudice in this regard.[3] He made no request to the Court to elaborate on his charge to the jury.

Appellant asserts that the lapse of time between the theft and his possession was sufficient to destroy the inference. This contention is without merit. Lee v. United Statees, 363 F.2d 469, 475 (8th Cir. 1966), cert. denied, 385 U.S. 947, 87 S.Ct. 323, 17 L.Ed.2d 227. Here the lapse of time was within twenty-four hours from the theft and the circumstances were incriminating.

The Judge left to the jury the question of constructive possession as

---

3. For a charge which is clear in this regard, see Dunson v. United States, *supra* at 449, note 3.

well as the question of the "recentness" of the possession. This was entirely proper.

Appellant argues that this charge shifted the burden of proof to him or raised a legal presumption, either of which required him to testify in his own behalf or suffer conviction. Some courts have found that stronger charges created a presumption that the jury find guilty knowledge from possession, Barfield v. United States, 229 F.2d 936, 939–940 (5th Cir. 1956); United States v. Sherman, *supra* at 624 of 171 F.2d and Balman v. United States, 94 F.2d 197, 198, 199 (8th Cir. 1938), or that the charge improperly implied that the burden was upon the defendant to prove his innocent possession, United States v. Lefkowitz, *supra* at 313–314 of 284 F.2d and United States v. Allegrucci, *supra* at 72–75 of 258 F.2d. We hold that this charge was clear in setting forth no more than a permissible inference and in safeguarding appellant's right not to testify in his own behalf. There was no presumption or shift in the burden of proof. The compulsion to testify was no greater than it ever is when the accused is confronted with circumstantial evidence from which the jury can infer guilt, and probably will, absent some reasonable explanation. The jury was in effect directed to look to the evidence for a reasonable explanation for appellant's possession of the goods. We therefore find no plain error in the charge. There is substantial evidence to support the finding that appellant had knowledge that the goods were stolen.

Appellant finally contends that there was not sufficient evidence that he knew that the goods had been a part of an interstate shipment, which finding is necessary to establish a conspiracy offense of unlawful possession. United States v. Sherman, *supra* at 623–624, of 171 F.2d and United States v. Crimmins, 123 F.2d 271, 273 (2d Cir. 1941). Considering the evidence most favorably to the Government, we hold that there was sufficient evidence to find that Prujansky knew that the goods were part of an interstate shipment. We need note only the initial conversation involving Tacina, Linden, and Prujansky in which reference was made to a "truckload" of color television sets that were for sale, Prujansky's apparent involvement with defendant Linden prior to Tacina's entrance into the scheme, and the fact that the cartons housing the sets bore the legend "Zenith Corporation, Chicago, Illinois." Nassif v. United States, 370 F.2d 147, 152–153 (8th Cir. 1966).

The judgment of conviction is affirmed in each appeal.