UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph SPATUZZA and James Cozzo,
Defendants-Appellants.

No. 14291.

United States Court of Appeals
Seventh Circuit.

April 24, 1964.

Rehearing Denied May 21, 1964.

Maurice J. Walsh, George F. Callaghan, Chicago, Ill., for appellants.

John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., Frank E. McDonald, U. S. Atty., John Peter Lulinski, Richard T. Sikes, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Defendants, Joseph Spatuzza and James Cozzo, were indicted with Richard Bravieri and Anthony La Pore for possession of stolen goods in violation of section 659 of the Criminal Code, 18 U.S.C. § 659. Bravieri pleaded guilty; the other three defendants were tried by a jury and found guilty. Spatuzza and Cozzo appeal from the judgments sentencing them to terms of imprisonment. La Pore did not appeal.

In December, 1962, a van loaded with cosmetics was transported piggy-back by the New York Central Railroad from New Jersey to Chicago. Following arrival in the New York Central Transport Company's yard in Chicago, an attempt was made to deliver the goods to Cosmetics Distributing Company, the consignee, but the goods were refused. The van containing the goods was returned to the yard. The next day the van was missing.

On January 14, 1963, Federal Bureau of Investigation agents saw three men in a Ford automobile drive up to and enter a garage at 1302 West Erie Street, Chicago. Twenty minutes later a fourth man arrived, driving a tractor. He backed the tractor partially into the garage. The three men, identified by the agents as Cozzo, Spatuzza, and La Pore emerged from the garage to assist the driver. Spatuzza and La Pore removed boards from the garage door blocking the exit of the tractor and the stolen van. Cozzo stood by the side of the unit. He and La Pore then directed it out of the garage. These activities were observed by two agents from a vantage point 150 to 180 feet away and by other agents a block away.

The driver of the unit, Bravieri, was arrested as he drove east on Erie Street. Spatuzza was arrested as he followed the tractor and van in the Ford. The van contained a part of the stolen cosmetics which were valued at $37,000. As La Pore and Cozzo walked away from the garage, La Pore was arrested, but Cozzo escaped capture. He was apprehended three days later.

I.

■ Defendants contend that there was a fatal variance between the allegations of the indictment and the proof; that the indictment alleges that the goods were stolen from a *depot* of the New York Central System in Chicago, whereas it was proved that the van containing the cosmetics was stolen from the *yard* of the New York Central Transport Company. The difference between the words "depot" and "yard" is a matter of semantics. The words can be used interchangeably to describe the place where a railroad has its loading facilities.

■ Defendants also contend that the proof and indictment are at a variance because the indictment alleges that the goods were stolen from the New York Central System while the proof shows the goods were taken from the New York Central Transport Company. The word "system" is simply descriptive of the yard facilities used by the New York Central Railroad and its wholly owned subsidiary, the New York Central Transport Company. The variance was insignificant.

■ Defendant Cozzo maintains that he was not sufficiently identified and that there was no proof of his possession of the goods or knowledge of their stolen character. However, the evidence shows that three government agents saw Cozzo at the garage. Although they were unable to identify him *by name*, with the aid of a photograph they later recognized him as being one of the men at the garage. The defendants, including Cozzo, had been in the garage where boxes were found containing goods that were part of the shipment in question. They participated in moving the van containing the other part of the stolen merchandise out of the garage. Knowledge of the stolen character of goods may be established by circumstantial evidence. United States v. Allegrucci, 258 F.2d 70 (3d Cir. 1958). We hold there was sufficient evidence from which the jury could reasonably conclude that Cozzo participated in the possession of the merchandise knowing it had been stolen.

II.

■ FBI agent Grundler testified that he did not recognize Cozzo at the time he saw him at the garage but was able to identify him by name when he saw a photograph in the FBI office. At this point, Cozzo's attorney on cross-examination asked the witness, "And who gave you the photograph, if anyone?" Grundler answered, "That photograph is available along with many other photographs of known cartage thieves that we keep and—." Defendants contend this was a voluntary, unresponsive answer to the question, calculated to prejudice them. The court ruled the answer irrelevant, struck it from the record, and instructed the jury to disregard it. Defendants moved for a mistrial.

We hold that the district judge correctly denied the motion. The statement was elicited by Cozzo's counsel; it was

responsive to the question. Although the answer was arguably prejudicial, the judge's admonition to the jury to disregard it was sufficient to prevent whatever harm could have resulted. Carter v. United States, 231 F.2d 232 (5th Cir. 1956).

 Defendants argue that the judge erred in cutting off cross-examination of agent Grundler; that he should have allowed counsel to diminish the prejudice of the agent's "voluntary" statement and to place the witness in "a proper setting with regard to his training and relationship with the Government." Cross-examination is ordinarily limited to matters within the scope of the direct examination although it is within the discretion of the trial judge to permit cross-examination on collateral matters. United States v. Lawinski, 195 F.2d 1 (7th Cir. 1952). No error was committed by the district judge in limiting the cross-examination of the agent nor in denying the severance motion made by Spatuzza relating to the agent's statement.

### III.

 We find no merit in defendants' assertion that the district judge erred in denying the motion for a mistrial because of the Government's attempted proof of another offense. The evidence showed that the tractor was stolen shortly before it was driven to the garage. Although it is the general rule that proof of another offense is irrelevant, evidence is admissible of other criminal acts which involve or explain the circumstances of the crime charged. United States v. McCartney, 264 F.2d 628 (7th Cir. 1959).

In the instant case the Government attempted to show that a stolen tractor was used to facilitate the possession and transportation of the stolen goods. Defendants permitted the testimony to come before the jury then moved for a mistrial. Regardless of this unorthodox method of challenging evidence allegedly inadmissible, the Government's proof that the tractor was stolen was proper under the circumstances.

### IV.

 Defendants contend that the district judge failed in the instructions to define the elements of the crime charged. The judge read the indictment to the jury. The indictment charged defendants with possession of goods valued in excess of $100 which had been stolen from a depot of the New York Central System, in Chicago, and which were a part of an interstate shipment of freight, the defendants knowing the goods had been stolen, in violation of section 659 of the Criminal Code. The judge then said:

"That section in question makes it a crime to buy, receive or unlawfully have in your possession goods and chattels stolen from an interstate shipment. It is not necessary for the government to prove that the defendants bought, received and had in their possession under the statute in question. It is sufficient if the government establishes that the defendants either bought or received or possessed.

"I will say to you at this time that the evidence presented by the government is not sufficient to establish that these defendants bought or that they received, and you have before you simply to decide whether they had in their possession merchandise which was stolen from interstate shipment and which they knew to have been stolen from interstate shipment."

The only reference made by the judge to the statutory provision of value was when he read the indictment. However, the evidence showed that the value of the stolen goods exceeded $37,000. Since the question whether the value was in excess of $100 was not in controversy, the reference to the averment in the indictment was sufficient.

Although it would have been better for the judge to have read the statute, the jury was sufficiently instructed on all the essential elements of the offense

charged in the indictment. Defendants complain about the charge in other particulars and of the failure of the judge to give certain requested instructions. We have considered these contentions and find they are without merit.

### V.

 Defendants assert that the district judge erred in not requiring, in accordance with the provisions of 18 U.S. C. § 3500, the Government to furnish them a statement of the witness Farr given to an agent of the FBI and the notes made by an assistant United States attorney during an interview of another witness, Kennedy. After inspecting the documents in question *in camera,* the judge ruled that the agent's report had not been read to Farr nor adopted by him; and, therefore, did not come within the meaning of section 3500. Although the prosecutor's notes had been read back to Kennedy, the judge, after inspecting the notes, ruled that they did not constitute a statement under section 3500.

We have examined both the report and the notes and find there was no error in not requiring the Government to furnish either document to defendants. Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959).

 Defendants complain that enforcement of section 3500 was thwarted when the FBI agents destroyed notes taken during interviews with witnesses. The agents testified, however, that the reports furnished defendants accurately reflected these notes and all the information contained in the notes was included in the reports.

Defendants did not demand production of the notes; rather, they were concerned with the circumstances of their destruction. Without a request for production, no issue was presented for the district judge to rule upon. Moreover, in our opinion, section 3500 does not require government agents to preserve their notes after they have been transcribed and the reports checked for accuracy. United States v. Greco, 298 F.2d 247 (2d Cir.), cert. denied, 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962).

The judgments are affirmed.