**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph SCOLERI, Defendant-Appellant.**

**No. 15726.**

United States Court of Appeals Seventh Circuit.

March 15, 1967.

Certiorari Denied May 22, 1967.

See 87 S.Ct. 2035.

Frank G. Whalen, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Robert J. Weber, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Robert J. Weber, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Joseph Scoleri appeals from a judgment of conviction on four counts of an indictment charging him with possession of goods stolen from interstate commerce, knowing them to have been stolen, in violation of 18 U.S.C. § 659.[1] The sole question is whether the evidence is sufficient to prove the defendant's possession of the goods with knowledge that they were stolen.

The defendant was employed as a truck driver by the JB Cartage Company, Chicago, Illinois. He owned a panel truck which he leased to his employer. At about 6:00 p. m. on June 23, 1965, after the company had closed for the day, the defendant was observed returning to the company's place of business in his automobile. He parked the car next to his

---

1. The defendant was tried by the district court sitting without a jury. He received a sentence of four years' imprisonment on     each count, the sentences to run concurrently.

truck, which was backed against a loading platform.

The defendant began to move in and around the truck. He ascended the loading dock, parted a tarpaulin hanging at the rear of the truck, and thrust his head inside for a moment. He retreated from this position, climbed into the cab of the truck, and drove the truck to the company's office thirty feet from the loading dock. The defendant again appeared to look into the back of the truck. He entered the office, reappeared a few minutes later, and returned the truck to its original position.

At this point, two federal agents who had been observing the defendant made their presence known. After identifying themselves and warning the defendant of his rights, the agents asked the defendant what he was doing on the premises. The defendant replied that he was just "hanging around" and that he had returned to have his truck serviced. In response to another question, the defendant stated that the truck was empty and invited the agents to look for themselves. When the tarpaulin was parted, the defendant expressed surprise at the presence, in plain sight not more than two feet away, of several clearly-marked shipping cartons containing clothing and other materials. Many of the containers had been opened, revealing their contents. The cartons later proved to have been recently stolen from interstate shipments. The defendant admitted that the "stuff looks hot" and that "it looks like it is stolen." Shortly thereafter, he explained that he was in the habit of selling merchandise purchased on Maxwell Street. He stated that he had intended to appropriate a portion of the goods in the truck for sale as "seconds," but that "someone beat [him] to it." The defendant later remarked that "it looks pretty bad. It looks like I am caught with the stuff." He added, "Can't I do something to help myself?"[2]

From this evidence the district judge could conclude beyond a reasonable doubt that the defendant was in possession of goods known to have been stolen from interstate commerce. The defendant's ownership of the truck and his exercise of control and authority over it immediately prior to the discovery of the stolen merchandise by the agents establish his possession of the goods. United States v. Spatuzza, 331 F.2d 214, 216 (7th Cir.), cert. denied, 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed.2d 38 (1964). His actions in twice looking into the rear of the truck, the markings on the shipping containers, and his statements to the agents, plus the inference arising from his unexplained possession of recently stolen goods, United States v. Casalinuovo, 350 F.2d 207, 211 (2d Cir. 1965), are sufficient to prove the defendant's knowledge that the goods were stolen from interstate commerce.

The judgment is affirmed.

---

**2.** At other times, and at the trial, the defendant contended that he was a victim of a "frame."