**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard G. WOOLEY, Defendant-Appellant.**

**No. 73-1244.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1974.

Decided March 25, 1974.

Elmo E. Koos, Peoria, Ill., for defendant-appellant.

Scott P. Crampton, Asst. Atty. Gen., Robert E. Lindsay, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Donald B. Mackay, U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and STEVENS and SPRECHER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

A federal grand jury returned an indictment on April 7, 1971, charging in three counts that Richard G. Wooley had

willfully and knowingly attempted to evade income taxes owed by him and his wife for the taxable years 1964, 1965 and 1966, respectively, by filing false and fraudulent joint income tax returns for each of said taxable years in violation of Section 7201 of the Internal Revenue Code of 1954, Title 26, U.S.C. § 7201.[1] The respective counts stated the taxable income and tax reported for each year, in comparison with the chargeable correct income and tax, as set out in the margin below.[2]

Following a jury trial beginning February 3, 1972, the jury returned a verdict on February 14, 1972, finding defendant guilty on all three counts. On August 14, 1972, a judgment of conviction was entered. The district court gave defendant a suspended sentence, with concurrent three-year terms of probation, and fines of $350 each on Counts I and II and $300 on Count III, for a total of $1,000, to be paid within one year. A special condition of probation was that defendant make settlement in full with the Internal Revenue Service within two years. Defendant appeals from his judgment of conviction and sentence. We affirm.

On appeal, defendant raises only two issues as grounds for reversal, *viz.*: (1) whether the trial court prejudicially erred in improperly restricting the cross-examination of Robert L. Rollins, the Government's principal witness; and (2) whether the trial court erred in admitting into evidence the Government's summary exhibit, as well as the testimony in support thereof.

For some years prior to and during the indictment years, defendant was plant manager of the Granite City Division of Ferro Processing Corporation (Ferro) in Granite City, Illinois. Ferro was based in Tonawanda, New York. Its Granite City Division was engaged in processing slag from the Granite City Steel Mills situated across the street.

Robert L. Rollins lived in Granite City and during the indictment years worked for the local Ford automobile dealer. Rollins also owned and operated on the side Rollins Parts and Service in Granite City. For many years Rollins had acted in this business as a jobber in the sale and distribution of machinery parts, materials and supplies of various types. Rollins had been supplying materials and parts to Ferro for its machinery locally since about 1951. His business with Ferro had become quite substantial and he was anxious to retain it. Rollins first met defendant about 1959 and was assured by him that he could expect to continue to receive his share of this business. Rollins would send his bills for supplies to Ferro's main office in Tonawanda, New York. After checking the bill against the receiving ticket forwarded from its Granite City Division, the Tonawanda office would pay the bill. Defendant was one of those authorized to verify receiving tickets at the Granite City plant.

For the purposes of this decision it is sufficient to say that, at the suggestion of defendant, Rollins entered into a dishonest plan with defendant to defraud Ferro. At defendant's direction, during the years 1964, 1965 and 1966, Rollins furnished defendant with a substantial amount of building materials for a new home defendant was constructing; pro-

---

1. § 7201. Attempt to evade or defeat tax

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2.

|  | Reported | | Corrected | |
|---|---|---|---|---|
|  | Income | Tax | Income | Tax |
| Count 1 (1964) | $4,819.72 | $ 843.94 | $10,683.15 | $2,111.72 |
| Count 2 (1965) | $7,667.45 | $1,316.82 | $26,025.55 | $6,389.20 |
| Count 3 (1966) | $7,737.12 | $1,330.05 | $23,512.44 | $5,270.35 |

vided him with marine supplies for his boat; and made payments on a mobile home and a home improvement loan at a bank. Defendant paid for none of these items. The supplies and materials were billed to Rollins who paid for them. At defendant's direction, Rollins then made out fictitious bills for parts and materials furnished locally to Ferro to cover Rollins' various expenditures for defendant. After approval of the bills in due course by defendant, Ferro paid these fictitious claims to Rollins.

This scheme subsequently came to light as a result of an Internal Revenue Service audit of Rollins' income tax returns. Rollins had written off the items he had paid for on behalf of defendant as materials and supplies expenses. As a result, Rollins was assessed an additional $5,872.89 for 1964 and an additional $10,094.99 in 1965 by the Internal Revenue Service. Rollins admitted in his testimony his full participation in this dishonest transaction. He stated that he had not been indicted.

IRS Agents Wehrheim and Kombrink testified concerning their interviews with defendant. Revenue Agent John Davis summarized the Government's contentions as to defendant's correct taxable income in Government Exhibit 26, hereinafter referred to. Various suppliers testified concerning materials which they had billed to Rollins and were directed to deliver to defendant. We need not further detail these various transactions.

Defendant testified in his own defense. He denied any arrangement with Rollins concerning the billings to Ferro. He denied receiving some of the items shown on the invoices. As to other items, he stated he paid Rollins for some of them in cash; he claimed others were gifts from Rollins; and as to substantial amounts, totaling about $14,000, which he admitted owing, defendant claimed that Rollins had agreed to lend this to him until he could get a mortgage loan on his new home after it was constructed. Defendant's home was substantially completed in 1966, but he did not attempt to obtain a mortgage loan, purportedly to repay Rollins, until January 1972, about three weeks prior to trial. Defendant gave various reasons for the delay. Two other witnesses testified for defendant concerning certain items they had purchased from Rollins for which they paid him, because Rollins could get them cheaper. Another witness testified that he heard defendant ask Rollins on two occasions in 1966 how much he owed Rollins for materials he had purchased for his home.

In view of its guilty verdict, it is obvious that the jury credited the Government witnesses and discredited defendant. It was well within the province of the jury to do so.

I.

The trial court, upon defendant's objection, restricted the Government in its direct examination of Rollins to his dealings with defendant during the three indictment years. On cross-examination, defendant's counsel sought to inquire into Rollins' business dealings with persons other than defendant during the same years. Since Rollins' testimony on direct examination was concerned solely with his dealings with defendant, the court held this attempted cross-examination to be beyond the scope of the direct examination. As a general rule, such restriction has long been accepted and adhered to and lies within the sound discretion of the trial court. United States v. Lawinski, 7 Cir., 195 F.2d 1, 7 (1952); United States v. Spatuzza, 7 Cir., 331 F.2d 214, 217, cert. denied, 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed. 2d 38 (1964).

Defendant contends that his cross-examination was for the purpose of testing the credibility of Rollins, and, within the discretion of the trial court, this may be an allowable exception to the general rule. United States v. Lawinski, *supra.* However, the record here shows that the trial court permitted limited questioning of Rollins concerning his business activities with others and that the questions were answered. Rollins testified that he

could not recall obtaining certain articles for other individuals not in business. He denied receiving payments from a Mr. Bumpers and a Mr. Thompson, and others, for materials and various items and then listing them on his own business records as materials and supplies. Furthermore, defendant brought out the information he sought to elicit through the restricted cross-examination by the contrary testimony of both Bumpers and Thompson.

■ We need not further extend this discussion since the record obviously shows that the trial court did not abuse its discretion in limiting the cross-examination, and, in any event, there was no showing of actual prejudice to defend-ant. To have further permitted the excursion into collateral matters to an unlimited extent would have served only to unnecessarily confuse the jury. United States v. Bender, 7 Cir., 218 F.2d 869, 873, cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253 (1955).

In sum, we hold that the trial court did not abuse its discretion in limiting the cross-examination of Rollins. United States v. Spatuzza, *supra*; United States v. Bender, *supra*; and United States v. Lawinski, *supra*.

## II.

Defendant's contention that the trial court erred in admitting into evidence the Government's summary exhibit,[3] as

3. This summary exhibit was introduced and admitted into evidence as Government Exhibit No. 26. The exhibit consisted of two pages and reads as follows:

### SCHEDULE OF ADDITIONAL GROSS INCOME

| | YEARS | | |
| --- | --- | --- | --- |
| | 1964 | 1965 | 1966 |
| Total of Additional Gross Income From Following Sources: | | | |
| Ahrens & McCarron, Inc. | $_____ | $ 79.50 | $ 432.30 |
| Emmitt Jones Lumber Co. | 60.46 | 13,114.34 | 12,887.24 |
| Grafton Boat Company, Inc. | 509.57 | 1,364.51 | 1,378.77 |
| Jefferson Bank & Trust Co. | 675.48 | 731.77 | 619.19 |
| Granite City Glass Co. | 585.24 | -------- | -------- |
| Kienstra, Inc. | -------- | 2,776.11 | 96.97 |
| Cope Mobile Homes, Inc. | 2,758.00 | -------- | -------- |
| Abel's Auto Body | 169.38 | -------- | 225.00 |
| White Cap Motel | 180.00 | -------- | -------- |
| Total of Additional Gross Income | $4,938.13 | $18,066.23 | $15,639.47 |

### COMPUTATION OF ADDITIONAL TAX DUE

| | YEARS | | |
| --- | --- | --- | --- |
| | 1964 | 1965 | 1966 |
| Gross Income on Return | $13,493.63 | $15,729.78 | $16,346.36 |
| Additional Gross Income— See Attached | 4,938.13 | 18,066.23 | 15,639.47 |
| Corrected Gross Income | 18,431.76 | 33,796.01 | 31,985.83 |
| Deductions To Arrive At Adjusted Gross Income | --------- | --------- | [1,410.43] |
| Corrected Adjusted Gross Income | 18,431.76 | 33,796.01 | 30,575.40 |
| Subtract—Corrected Itemized Deductions | − 3,125.76 | − 2,672.19 | − 2,507.27 |
| Subtract—Personal Exemptions | − 5,400.00 | − 5,400.00 | − 4,800.00 |
| Corrected Taxable Income | 9,906.00 | 25,723.82 | 23,268.13 |
| Corrected Tax | 1,927.91 | 6,280.57 | 5,425.80 |
| Tax Reported On Return | 843.94 | 1,316.82 | 1,330.05 |
| Additional Tax Due | $ 1,083.87 | $ 4,963.75 | $ 4,095.75 |

well as the testimony in support thereof, may be somewhat summarily disposed of.

The summary exhibit was prepared by Internal Revenue Service Agent John J. Davis, Jr. The Government qualified him as an expert in the computation of income tax returns. He was present throughout the trial and heard the Government witnesses testify. He had examined all documents that had been introduced into evidence. Based on such evidence and documents Agent Davis prepared the summary exhibit in question. Agent Davis testified in detail, over objection, concerning the manner in which he prepared his computations and results in arriving at each entry in the exhibit. He was thoroughly and extensively cross-examined on all matters by defense counsel. It was clearly established that defendant owed the tax set out in the summary exhibit *only* if he received all the items listed on the invoices. It was conceded that the trial court correctly instructed the jury on the proper use of the summary exhibit in the manner set out in the margin.[4]

On appeal, defendant does not argue that such exhibits and supporting testimony are inadmissible as a matter of law. He agrees that they are "useful to the jury in cases involving numerous and complex or confusing transactions." However, in substance, defendant again urges that the trial court prejudicially erred in restricting the cross-examination of Rollins. Defendant states "[t]he question is whether the basis for the summary, Rollins' testimony, was not so poisoned by error as to render admission of all 'summary' evidence error

upon error." Since we have hereinabove held that no error was committed in restricting the cross-examination of Rollins, *a fortiori,* such rulings are not grounds for excluding either the summary exhibit or the testimony in support thereof.

In United States v. Dana, 7 Cir., 457 F.2d 205, 207–208 (1972), in a well considered opinion by Judge Kiley, we approved the use of summaries such as those prepared and testified to by Agent Davis and held that the trial court's ruling thereon could be reviewed "only upon a clear showing of abuse and resulting prejudice" to the defendant. We held in *Dana,* as is the case here, that such summaries are of material aid to the jury and that no prejudice was shown as to the defendant. In *Dana,* as here, the summaries were tested by the court's clear instruction against their prejudicial use.

■ In light of our holding concerning the cross-examination of Rollins; the trial court's correct instruction to the jury on the proper use of the summary exhibit; the extensive cross-examination of Agent Davis; the lack of showing of prejudice to the defendant; the consideration of the record as a whole, including the determinations of credibility; and in accord with the decision in *Dana, supra,* we hold that the trial court did not abuse its discretion in admitting into evidence the summary exhibit prepared by Agent Davis or the testimony in support thereof.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

---

4. The court's instruction to the jury concerning the summary exhibit stated:

There have been admitted in evidence certain exhibits variously referred to as summaries. Strictly speaking, these exhibits are not actual evidence, but they were admitted as summaries of other evidence in the case and they are admitted only for your assistance and convenience in considering the other evidence which they purport to summarize. Exhibits of this nature are permitted where they are based upon voluminous books, records or documents already in evidence, in order to assist you in determining the ultimate facts or results shown by such books, records or documents. But you are reminded that it is the books, records and documents which are the evidence, and the summaries are admitted only to assist you in considering that evidence. For that purpose, you are entitled to consider them.