**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian Wesley VAUGHN, Defendant–
Appellant.**

No. 99–4093.

United States Court of Appeals,
Sixth Circuit.

Dec. 22, 2000.

Before MERRITT, KENNEDY, and GILMAN, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant, Brian Wesley Vaughn, appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Vaughn ar-

gues that the prosecution's argument during closing and the trial court's allegedly erroneous instructions concerning stipulations made by the parties mandate that this court reverse and remand for retrial or dismiss his conviction altogether. Vaughn also argues that this court should remand for an evidentiary hearing to allow him to develop the record on whether his counsel was ineffective.

Because the prosecution's statements were neither improper nor flagrant and the court's instructions did not constitute plain error, we reject those claims. And, following the general rule, we defer Vaughn's ineffective assistance of counsel claim for collateral attack under 28 U.S.C. § 2255. Accordingly, we affirm Vaughn's conviction.

## I.

This is the second time Vaughn has appeared before this court appealing a conviction based on his October 31, 1995, indictment for being a felon in possession of a firearm. Vaughn's indictment stems from an altercation with officers of Cleveland's Regional Transit Authority. After restraining Vaughn, the officers searched him and, according to their testimony, found a firearm on his person. As Vaughn had been previously convicted of a felony, he was indicted on charges of being a felon in possession of a firearm.

At his first trial, Vaughn proceeded on the theory that the officers planted the gun on his person to avoid personal liability for using excessive force. According to Vaughn, a diabetic, he boarded a bus to go home, began to experience symptoms of insulin shock, and subsequently blacked out. When he came to, he was handcuffed, his face bruised, and his eyes burning from pepper-spray. After coming around, he informed the officers that he was a diabetic. At that point, he claims, one officer re-marked that Vaughn must be on drugs and the officers pulled his pants off in an effort to confirm their suspicion. Finding no drugs and fearing that they would face liability for using excessive force on a diabetic, the officers planted the gun on him, Vaughn contended.

The officers' testimony related a markedly different story. They testified that they arrived at the bus terminal in response to a call to remove two passengers sleeping in a bus, one of whom was Vaughn. When Vaughn exited the bus, he walked over to an adjacent restricted parking lot, and leaned against a car in the lot. Vaughn's behavior and what one officer testified was a "glassy state," prompted the officers to conclude that he was intoxicated. The officers warned Vaughn that he was on restricted property and needed to leave the premises. Vaughn did not respond. Then Vaughn reached for something in his shirt, which they believed possibly to be a weapon. Acting on their belief, the officers wrestled Vaughn to the ground, pepper-sprayed him, arrested and handcuffed him on the charge of trespassing, and then searched his person. The search revealed a loaded .32 caliber revolver tucked under Vaughn's waistband.

Based on the above testimony, the jury convicted Vaughn. We reversed the conviction and remanded for retrial on the ground that the prosecutor's closing argument contained prejudicial statements commenting on Vaughn's failure to testify. See United States v. Vaughn, No. 97–3539, 1998 WL 774004 (6th Cir.1998)(unpublished table decision).

The testimony at the retrial was substantially the same as that in the first trial. In an effort to speed along the trial, the parties stipulated that the "United States has met its burden of proof on the element[s]" of interstate commerce and of

Vaughn's previous conviction. They also stipulated to entering Vaughn's medical records into evidence in lieu of testimony from his physician.

During closing arguments, the prosecution, on direct and rebuttal, made statements to the effect that Vaughn's defense was not logical because the officers would gain nothing from planting a gun on his person and consequently, Vaughn must not be telling the truth. The defense did not object to these statements. Vaughn was again convicted. At the closing of the sentencing hearing, after the district court had rendered its sentence, Vaughn remarked that he thought he could have had a better defense. The district court briefly discussed the matter with Vaughn and his attorney. After the discussion, the district court ended the hearing.

Vaughn now appeals his conviction.

## II.

On appeal, Vaughn claims that the court erred by (1) failing to timely instruct the jury not to consider the prosecution's statements during closing argument about Vaughn's credibility, (2) improperly instructing the jury about the government's burden of proof as it related to the stipulated elements of the crime, and (3) failing to hold an evidentiary hearing to determine whether his counsel was ineffective.

## A.

■ Vaughn objects to several statements made by the prosecutor during her closing argument concerning his veracity. Specifically, he finds objectionable her comments that his defense "came from TV, but [did not] fit" the situation. It did not fit, the prosecutor argued, because this case was not like those on television where the police were called to investigate a drug deal or a shooting—situations in which an officer may shoot an unarmed person and therefore have reason to plant a gun on the suspect—but was rather simply a call to remove a person sleeping in a bus—a situation where it is unlikely that the officers would shoot an unarmed person. Vaughn also challenges other statements by the prosecutor that his defense did not make sense as the police gained no logical advantage by planting a gun on his person. At the end of her closing and rebuttal arguments, the prosecutor reiterated that the question of veracity lay with the jury. Nevertheless, Vaughn claims that the prosecutor's remarks are improper, flagrant assertions of opinion by the prosecutor regarding the credibility of Vaughn and his defense.

■ Because Vaughn did not object to the prosecution's statements, this court reviews only for plain error. *See United States v. Carroll,* 26 F.3d 1380, 1383 (6th Cir.1994). Plain error "mandates reversal only in exceptional circumstances and only where the error is so plain that the trial judge and prosecutor were derelict in countenancing it." *United States v. Collins,* 78 F.3d 1021, 1039 (6th Cir.1996) (citation and internal quotation marks omitted).

■ In determining whether the remarks constitute reversible error, this court asks three questions. First, were the prosecutor's remarks improper? *See id.* Second, if the statements were improper, were they flagrant? *See Carroll,* 26 F.3d at 1385. Third, if the statements were not flagrant, should the court nevertheless reverse? A court should not reverse on the basis of nonflagrant improper remarks unless the proof against the defendant is not overwhelming, defense counsel objected to the statements, and the trial court failed to cure the error with an admonishment to the jury. *See id.*

We need not go any further than the first question as we believe the remarks by the prosecutor were not improper. While "[i]t is well established that the personal opinion of counsel has no place at trial," it is also well established that "counsel must be given leeway to argue reasonable inferences from the evidence." *Collins,* 78 F.3d at 1040. So that "[w]here there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying." *Id.; see also United States v. Veal,* 23 F.3d 985, 989 (6th Cir.1994). Accordingly, where a defendant puts "his veracity at issue by taking the stand," the prosecution may question his veracity so long as the comments reflect reasonable inference from the evidence at trial. *Veal,* 23 F.3d at 989.

To the extent that the prosecutor offered personal opinions, we believe they were no more than arguments relating to reasonable inferences from the evidence. Initially though, it bears emphasis that the principle defense counsel argues for—prosecutors may not argue that the defense is unsupported by the facts at hand—would all but eliminate prosecutors' ability to accomplish their job: to prosecute. Inherent in all litigation, criminal or otherwise, is a dispute about the validity of the opponent's position. Consequently, in all litigation the parties will argue that the other party's position is not supportable. Further, all of the statements to which Vaughn objects go to the question of whether the jury could reasonably infer from the evidence that Vaughn's version of the story was true. Accordingly based on the above precedent, the statements of the prosecutor were not improper. As the statements were not improper, we decline to reverse Vaughn's conviction on that ground.

**B.**

Nor is reversal warranted on the basis of Vaughn's improper instruction challenge. Again, because defense counsel did not object to the instructions, this court reviews the instructions only for plain error. *See* Fed.R.Crim.P. 52(b). In instructing the jury regarding the parties' stipulations with respect to the prior felony and interstate commerce elements of the crime, the court stated during voir dire that "the government need not offer proof on these two elements, and you should consider them proven by the government"; and at the close of the trial that "you may consider [two of the elements] proven by the government." At worst, these statements are equivalent to those made by the district court in *United States v. Jones,* 108 F.3d 668, 670 (6th Cir.1997) (en banc).[1] The court found those statements not to constitute plain error, *see id.* at 672. It follows that the instruction here does not warrant reversal.

**C.**

Finally, we find no error in the district court's handling of Vaughn's last minute objection to his counsel's performance after his sentencing. Vaughn alleges that after his sentence was rendered he attempted to develop the record to establish an ineffective assistance of counsel claim for appeal and that the district court prevented him from doings so. In reality, the court did no such thing. The court had already asked Vaughn whether he had anything further and rendered his

---

1. There the district court instructed, "So you will find that—by agreement, that the government has proven that aspect of the case" and "[s]ince defendant admits that he was previously convicted of a felony, you will find that the government has established this element of the offense." *Jones,* 108 F.3d at 670.

sentence when he complained about his defense—specifically, his counsel's decision to rely on medical records rather than use live testimony. The court briefly inquired into the matter and, satisfied with counsel's response, ended the sentencing hearing. That action, Vaughn argues, was error because this court has allowed defendants to argue ineffective assistance of counsel on appeal rather than delaying such arguments for a 28 U.S.C. § 2255 motion if the record was fully developed at trial. Rather than dismissing his allegations. Vaughn argues, the district court should have held an evidentiary hearing.

We do not believe the district court's decision to end the sentencing hearing constitutes an abuse of discretion. *See United States v. Pruitt*, 156 F.3d 638, 649 (6th Cir.1998). Significantly, Vaughn did not request a hearing at that time. Furthermore, he will have an opportunity to present that claim in a § 2255 motion. Accordingly, we reject that argument.

### III.

For the foregoing reasons, we affirm the district court's judgment.