NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0749n.06

No. 14-5894

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 13, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LACEY WELD, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GRIFFIN and KETHLEDGE, Circuit Judges; CLELAND, District Court Judge.[*]

KETHLEDGE, Circuit Judge. Between 2010 and 2013, Weld purchased supplies that she and her co-defendants used to cook methamphetamine. She pled guilty to conspiring to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. In her plea agreement, Weld agreed not to appeal any sentence below the top of the applicable sentencing guidelines range determined by the district court.

At Weld's sentencing hearing, the government introduced a video that showed Weld—then visibly pregnant—smoking meth while some of her co-defendants cooked meth. Less than a month later, Weld gave birth to a son who showed signs of opiate and amphetamine exposure, as well as drug-withdrawal symptoms. As a result, the district court applied a six-level enhancement for "creat[ing] a substantial risk of harm to the life of a minor," pursuant to U.S.

_____

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Sentencing Guidelines § 2D1.1(b)(13)(D). The court then varied downward from the guidelines range.

Weld appeals the application of the § 2D1.1 enhancement, arguing that it does not cover unborn children. She acknowledges that she waived her right to appeal a within- or below-guidelines sentence, but she says that enforcing the waiver would produce a "miscarriage of justice." An erroneous guidelines calculation, however, is not a miscarriage of justice that will void an appellate waiver. *See United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc); *United States v. Mathews*, 534 F. App'x 418, 426 (6th Cir. 2013).

Weld now argues that the enhancement is *unconstitutional* as applied to her—but she did not raise the constitutional argument in the district court. As a result, we review only for plain error. *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008). Weld must therefore show, among other things, that the error was "plain" or "obvious" under current law. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Weld concedes that no court of appeals has held that § 2D1.1(b)(13)(D) is unconstitutional as applied to a pregnant woman. She also concedes that her constitutional claims are matters of first impression for our court. *See* Reply Brief at 7-8. That means that any error here was not plain. *See, e.g., United States v. Jones*, 108 F.3d 668, 672 (6th Cir. 1997) (en banc); *see also United States v. Accardi*, 669 F.3d 340, 348 (D.C. Cir. 2012) ("[Defendant's] argument raises a question of first impression for this court which would be inappropriate to address under plain error review").

The United States' motion to dismiss is granted.