**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0451n.06

Case No. 15-4203

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 05, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| GHANA JOHNSON, | ) | OHIO |
| | ) | |
| Defendant-Appellant | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE: MOORE, McKEAGUE, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge**. Ghana Johnson ("Johnson") argues that a two point enhancement under U.S.S.G. § 2B1.1(b)(11)(C) was procedurally unreasonable. Because applying the enhancement was not plain error, we **AFFIRM**.

**I.**

A. Factual and Procedural History

Johnson filed fraudulent tax returns during tax years 2010 and 2011. She held herself out as a tax preparer to family and friends, but did not list herself as a tax preparer on any of the returns. She "falsified wage income, Federal income tax withholding, dependents and dependency-related exemptions and tax credit information" to increase her refund amount. R.

51, Pg. ID# 318. Further, she used the personally identifiable information ("PII") such as names and social security numbers of five third parties to file the returns. Johnson received the refunds by direct deposit to debit cards.

On April 20, 2015, Johnson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, five counts of filing false, fictitious, and fraudulent returns in violation of 18 U.S.C. § 287, and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). She received a sixty month prison sentence for each of the wire fraud and filing of false, fictitious, and fraudulent return convictions, to be served concurrently. She also received a 24 month prison sentence for each of the aggravated identity theft convictions, to be served concurrently with each other, but consecutively to the other convictions. In computing the sentence, the district court applied an enhancement under U.S.S.G. § 2B1.1(b)(11)(C) which increased Johnson's base offense level by two points because "the offense involved the possession of five or more means of identification that were unlawfully obtained." R.52, Pg. ID# 331.

In its sentencing memorandum, the government sought the enhancement on two theories. First, Johnson "utilized means of identification to file false returns electronically, which generated unique identifiers or 'document locator numbers' for each return." R. 27, Pg. ID# 134. Second, in filing the returns, Johnson "caused the generation of access devices in the form of debit cards from which Johnson retrieved tax refunds to which she was not entitled." *Id.* In her sentencing memorandum, Johnson spent a paragraph discussing the enhancement in the context of her request for a variance because the "specific offense characteristic for use of over five unlawful identities is cumulative to the two-year consecutive mandatory sentence for aggravated identity theft." R. 22, Pg. ID# 93. At the sentencing hearing, Johnson's attorney reiterated the

request for a variance because "she's going to do at least two years for that, and it's – it's

duplicative to have it here as another two levels, increasing the Guideline offense." R. 52, Pg.

ID# 350.

B. Applicable Law

The following four provisions of the Sentencing Guidelines are particularly relevant, so

we include them here.

U.S.S.G. § 2B1.1(b)(11)(C)(i) and (ii)

If the offense involved…(C)(i) the unauthorized transfer or use of any means of identification
unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or
more means of identification that unlawfully were produced from, or obtained by the use of,
another means of identification, increase by 2 levels.

U.S.S.G. § 2B1.1, n.1

"Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7), except that
such means of identification shall be of an actual (i.e., not fictitious) individual, *other than the
defendant* or a person for whose conduct the defendant is accountable under §1B1.3 (Relevant
Conduct) (emphasis added).

18 U.S.C. § 1028(d)(7)

[T]he term "means of identification" means any name or number that may be used, alone or in
conjunction with any other information, to identify a specific individual, including any - (A)
name, social security number, date of birth, official State or government issued driver's license
or identification number, alien registration number, government passport number, employer or
taxpayer identification number; (B) unique biometric data, such as fingerprint, voice print, retina
or iris image, or other unique physical representation; (C) unique electronic identification
number, address, or routing code; or (D) telecommunication identifying information or access
device (as defined in section 1029(e)).

18 U.S.C. § 1029(e)(1)

[T]he term "access device" means any card, plate, code, account number, electronic serial
number, mobile identification number, personal identification number, or other

telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

## II.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III.

On appeal, Johnson argues that her sentence was procedurally unreasonable because her conduct did not meet the criteria to impose an U.S.S.G. § 2B1.1(b)(11)(C) enhancement. Specifically, although she admits to possessing unlawfully obtained identifications, she asserts that she did not use them to produce another means of identification.

The parties dispute which standard of review applies. Johnson claims that she properly preserved her objection to the enhancement, which means that we would review the enhancement for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However the government argues that Johnson did not actually object to the enhancement at trial, which means we would review it for plain error.[1] *See United States v. Wright*, 747 F.3d 399, 413 (6th Cir. 2014).

We agree with the government. In order to preserve an objection, a party "must object with that reasonable degree of specificity which would have adequately apprised the trial court of

---

[1] At one point, the government also argues that the enhancement is unreviewable because Johnson invited the enhancement. It cites *United States v. Ruiz*, 777 F.3d 315, 320 (6th Cir. 2015) and *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) to support its argument. However, these cases teach that "a criminal defendant waives a challenge to the application of a particular guideline where he expressly agrees that the guideline applies to him." *Ruiz*, 777 F.3d at 320. In *Ruiz*, the defendant went so far as to explain why his convictions qualified him as a career offender. *Id.* Here, although it can be argued that Johnson implicitly assumed the enhancement applied to her, she did not affirmatively represent that her conduct met the criteria for an enhancement. Therefore, the invited error doctrine is inapplicable.

the true basis for his objection." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (internal quotation marks omitted). We require specificity to ensure that the district court has an opportunity to address any alleged error, which then provides a basis for appellate review. *Id.*

The record indicates that Johnson failed to raise this objection. That being so, the district court had no opportunity to address the specific argument that Johnson did not unlawfully use a means of identification to produce or obtain another means of identification. Nothing in the sentencing memorandum or the sentencing hearing's transcript even hints at such an argument. We therefore review the enhancement for plain error. *See Wright*, 747 F.3d at 413. To prevail under plain error review, Johnson "must show that there is 1) error, 2) that is plain, and 3) that affects substantial rights, and if so, [s]he must persuade us that 4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) (internal quotations and citations omitted); *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996).

Johnson's argument against the enhancement founders on the first two prongs. To constitute plain error, there must be an error and the error must be clear under current law. *United States v. Jones*, 108 F.3d 668, 672 (6th Cir. 1997) (en banc). The government argues that the enhancement is appropriate because filing the false tax returns caused the creation of (1) a unique document locator number for each tax return and (2) an access device in the form of a debit card.

The government's first argument supports the enhancement. As the government points out, this circuit has suggested that a document locator number counts as a "means of identification." *See United States v. Gonzalez*, No. 14-5889, 2016 WL 1055890, at \*7 (6th Cir. Mar. 16, 2016); *see also United States v. Hamad*, 300 F. App'x 401, 404 (6th Cir. 2008). In

*Gonzalez*, the defendant received the same two-level enhancement at issue here. On appeal, this Court found the enhancement appropriate because the names of the beneficiaries, the first identification, were used to produce fraudulent healthcare claims with attendant claim numbers with titles like "Document Control Number." *Gonzalez*, 2016 WL 1055890, at *7.

*Gonzalez's* logic covers this case. Similar to *Gonzalez*, Johnson used third parties' PII to produce tax returns with document locator numbers. We note too that Johnson has provided no contrary authority. Therefore, we cannot say that applying the enhancement was plain error. We can affirm the district court on this ground even though the district court justified the enhancement for a different reason. *See City Management Corp. v. U.S. Chemical Co., Inc.*, 43 F.3d 244, 251 (6th Cir. 1994). We do not reach the government's second argument.

To escape this conclusion, Johnson contends that the government waived any argument about document locator numbers by not making it to the district court. This assertion is untrue. As noted earlier, the government's sentencing memorandum argued that Johnson "utilized means of identification to file false returns electronically, which generated unique identifiers or 'document locator numbers' for each return." R. 27, Pg. ID# 134.

**IV.**

We **AFFIRM** the district court.